IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OSBORNE, #200509, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01126-JPG |
| ) | |
| WILLIAMSON COUNTY JAIL ) | |
| and NURSE DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff James Osborne, an inmate at Williamson County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he has been denied access to his prescription medications since October 1, 2020. (Doc. 1). For nearly three weeks, he has had no HBP - Gabapentin (400 mg), Elavil (100 mg), Ativan (1 mg), Lisinopril (40 mg), water pills (20 mg), or albuterol. (*Id*. at 6). He seeks an order requiring the Jail's pharmacy to produce records of all prescriptions he has been denied this month. (*Id*.). Plaintiff seeks no other relief. (*Id*. at 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Based on the allegations in the Complaint, the Court finds it convenient to designate a single claim in this *pro se* action:

1

**Count 1:** Defendants denied Plaintiff access to his prescription medications at the Jail beginning on October 1, 2020, in violation of his constitutional rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The analytical framework for Plaintiff's claim depends on his legal status at the time his claim arose. The Fourteenth Amendment governs claims for the denial of medical care brought by a pretrial detainee, and the Eighth Amendment governs claims brought by a convicted person. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). The Court is unable to discern whether Plaintiff's claim is controlled by the Fourteenth or Eighth Amendment because he does not indicate whether he was a pretrial detainee or a prisoner in October 2020. However, the applicable legal standard can be determined in time.

Plaintiff faces a more fundamental problem. He does not mention a defendant in his statement of claim, so it is unclear how the defendants were involved in any constitutional deprivation. Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant cannot be liable under Section 1983, unless he or she "caused or participated" in a constitutional deprivation. *Id*. A municipality, such as Williamson County, cannot be liable unless a policy, custom, or practice caused the deprivation at issue. *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 691 (1978). The allegations must at least suggest that each defendant violated Plaintiff's constitutional rights.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The Complaint does not establish any defendant's involvement in a constitutional deprivation.  The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the Complaint.  However, invoking a potential defendant's name by listing that defendant in the case caption is not enough to state a claim.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Plaintiff must set forth specific allegations in his statement of claim describing what each defendant did, or failed to do, to violate his rights.  Accordingly, Count 1 cannot proceed against either defendant and shall be dismissed without prejudice for failure to state a claim.

Finally, Plaintiff included no request for relief in the Complaint.  Generally, plaintiffs seek money damages and/or injunctive relief (*e.g.*, access to medication or medical care) in a Section 1983 action.  Plaintiff seeks neither.  Although this omission is not fatal to his claim, Plaintiff should consider what relief he wants and list it in his request for relief.

The Complaint does not survive preliminary review and shall be dismissed.  Plaintiff will have an opportunity to re-plead his claim in a First Amended Complaint.  When preparing a First Amended Complaint, he should identify each defendant in the case caption and briefly describe what each defendant did to violate his constitutional rights in the statement of his claim.  He should also include a request for relief.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice.  A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate

the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes *no* efforts to locate counsel on his own and demonstrates his ability to litigate this single-issue case without representation. He has prepared and filed coherent pleadings. He also appears capable of re-pleading his claims, preparing motions, and conducting discovery as the case proceeds. The Court therefore declines to recruit counsel at this time. However, he may renew his request, if counsel becomes necessary as the case proceeds.

### Disposition

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim for relief against both defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **November 25, 2020**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 20-cv-01126-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. It is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 10/28/2020**                         s/J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **United States District Judge**