IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OSBORNE, #200509, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-cv-01126-JPG |
| NURSE REYNOLDS and CHIEF FERRELL, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of an Amended Complaint filed by Plaintiff James Osborne on November 24, 2020. (Doc. 11). Plaintiff is a pretrial detainee at Williamson County Jail ("Jail"). He brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his Fourteenth Amendment rights stemming from the denial of his prescription medication for high blood pressure and asthma, as well as the denial of Xanax and Gabapentin for undisclosed medical conditions. (*Id*. at 6). Plaintiff seeks access to his medications[1] and money damages. (*Id*. at 5).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or

---

[1] On November 24, 2020, the Court entered an Order addressing this request for relief. (Doc. 13). There, the Court acknowledged that Plaintiff may require interim relief in the form of a temporary restraining order ("TRO") or a preliminary injunction. However, he did not request this relief or invoke Federal Rule of Civil Procedure 65(a) or (b). He also failed to file a separate motion in which he set forth the reasons he is entitled to either form of relief. The Court invited Plaintiff to file a separate motion for TRO and/or preliminary injunction by December 22, 2020, if he intends to request interim relief, and advised him that failure to do so will result in denial of the request in his First Amended Complaint without prejudice.

1

malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff puts forth the following allegations in the First Amended Complaint (Doc. 11, pp. 1, 2, and 6): Plaintiff has been denied access to his prescription medications for high blood pressure and asthma during his pretrial detention at Williamson County Jail. (*Id*. at 1, 5, and 6). He has also been denied access to Xanax and Gabapentin for undisclosed medical conditions. He notified medical staff about these prescription medications at intake, but Nurse Reynolds did not meet with him to discuss the matter until a week later. Although the nurse agreed to give Plaintiff his prescription medications for high blood pressure and asthma, she denied his request for Xanax and Gabapentin. The nurse never actually gave him any medications. Plaintiff complains of a 36-plus day lapse in his medications as of November 5, 2020. (*Id*.). Although he filed three grievances to address the matter, Nurse Reynolds did not respond to them, and Chief Ferrell did not receive or review them. (*Id*. at 2).

Based on the allegations, the Court finds it convenient to designate a single claim in the *pro se* First Amended Complaint:

> **Count 1:** Defendants denied Plaintiff access to his prescription medications for asthma and high blood pressure, as well as Xanax and Gabapentin, in October and November 2020, in violation of his constitutional rights.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

Because Plaintiff is a pretrial detainee, the Fourteenth Amendment governs his claims for the denial of his prescription medications. *Currie v. Chabra*, 728 F.3d 626, 628-29 (7th Cir. 2013). A Fourteenth Amendment claim challenging the denial of medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable," which requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*. The First Amended Complaint articulates a colorable Fourteenth Amendment claim against Nurse Reynolds, who allegedly knew of Plaintiff's need for prescription medications within a week of his intake at the Jail and acted in an objectively unreasonable manner when denying him access to his asthma treatments, blood pressure medication, Xanax, and Gabapentin. This claim shall be dismissed against Chief Ferrell in his individual capacity because he did not receive any grievances or otherwise know of the deprivation. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (individual defendant cannot be liable under Section 1983, unless he or she "caused or participated" in a constitutional deprivation). *Id*. The chief shall remain named in this action in his official capacity, based on Plaintiff's request for injunctive relief.

**Disposition**

**IT IS ORDERED** that **COUNT 1** survives screening against Defendant **REYNOLDS** in her individual capacity and is **DISMISSED** without prejudice against Defendant **FERRELL** in

his individual capacity.  However, Defendant **FERRELL** shall remain named as a defendant in his official capacity only and shall be responsible for implementing any injunctive relief that is ordered in this case.  **Pursuant to Administrative Order No. 244, Defendant Reynolds need only respond to the issues stated in this Merits Review Order.  Defendant Ferrell need only file a notice of appearance and is not required to answer the First Amended Complaint.**

Because Count 1 arises from the alleged denial of medical care, the Clerk's Office is also **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **FERRELL** (official capacity) and **REYNOLDS** (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/1/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.