UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OSBORNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-01126-GCS |
| | ) |
| NURSE REYNOLDS, and CHIEF FERRELL, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**SISON, Magistrate Judge:**

Civil litigants do not have a constitutional or statutory right to counsel. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761 (quoting *Pruitt*, 503 F.3d at 654).

The circumstances presented in this case warrant recruitment of counsel. Plaintiff

indicates that he reads at a 4th-grade level. Although Plaintiff received his high school diploma, he states that he took a class for those who have difficulty learning, and that he continues to struggle with comprehension. Plaintiff also states that he suffers from anxiety, depression, and schizophrenia, each of which interfere with his ability to concentrate. Further, the Court finds that the case now is at the point where the difficulty of the case exceeds Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt*, 503 F.3d at 655. Defendant Reynolds argues that Plaintiff's mental conditions lack sufficient diagnoses; however, the Court notes that Plaintiff's demeanor during the hearing was consistent with his testimony regarding his level of education and his difficulty with comprehension. Accordingly, the Court finds that Plaintiff's individualized difficulties warrant assignment of counsel.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney William Gantz of Duane Morris, LLP, is **ASSIGNED** to represent Plaintiff Osborne in this civil rights case. On or before October 27, 2021, assigned counsel shall enter his/her appearance in this case. Attorney Gantz is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order, copies of the docket sheet, and Docs. 14 and 61 to Attorney Gantz. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that, on or before November 15, Plaintiff, by and through counsel, shall file an amended complaint. If an amended pleading is not filed, the case shall proceed on the present complaint.

**IT IS FURTHER ORDERED** that, on or before November 15, Plaintiff, by and through counsel, shall file a response to Defendant Ferrell's motion to dismiss for lack of subject matter jurisdiction. (Doc. 61).

**IT IS FURTHER ORDERED** that all pending motions filed by Plaintiff *pro se* are **DENIED** without prejudice so that assigned counsel can evaluate how to proceed.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If Plaintiff should recover damages in this action (either by verdict or settlement), Plaintiff and his counsel are **ADVISED** that Plaintiff will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult the Guide. Appointed counsel may also contact Debra Ward, the Court Attorney for the Southern District of Illinois to inquire about additional resources that may be available to assist lawyers with these matters. Debra Ward may be reached via email at Debra_Ward@ilsd.uscourts.gov.

As of this date, Plaintiff's contact information is:

**James Osborne, No. B10626**
Shawnee Correctional Center
6665 Route 146 East
Vienna, IL 62995

**IT IS SO ORDERED.**

**DATED: October 13, 2021.**

Digitally signed by Judge Sison 2
Date: 2021.10.13 11:25:39 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**